**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

GOLA GUNN,

    Plaintiff,

                                                       CASE NO.:

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

    Defendant.
_____/

**DEFENDANT, FAMILY DOLLAR STORES OF FLORIDA, LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC** (hereinafter, "Defendant" or "Family Dollar"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division, on the following grounds:

**BACKGROUND**

1. On or about July 16, 2021, Gola Gunn ("Plaintiff") filed her initial Complaint, styled *Gola Gunn vs. Dollar Tree Stores, Inc.*, Case No.: 21-CA-1322 ("Complaint") in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida ("State Court").

1

2. On July 22, 2021, Plaintiff served her Summons and Complaint on Dollar Tree Stores, Inc., through its agent for service of process, a copy of which is attached hereto.

3. On August 15, 2021, Plaintiff filed her Amended Complaint styled *Gola Gunn vs. Family Dollar Stores of Florida, LLC*, Case No.: 21-CA-1322 ("Amended Complaint") in the State Court, and emailed a courtesy copy of the Amended Complaint to counsel for Family Dollar.

4. On August 16, 2021, counsel for Family Dollar accepted service of the Amended Complaint on behalf of Family Dollar.

5. A response from Family Dollar to Plaintiff's Amended Complaint is not yet due to be filed. In an email on August 16, 2021, counsel for Plaintiff agreed "to [Family Dollar's] responsive pleading being due by August 30, 2021."

6. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this civil action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### **AMOUNT IN CONTROVERSY**

7. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Plaintiff's Amended Complaint does not set forth a specific amount of damages. Instead, in her Amended Complaint, Plaintiff alleges, "[t]his is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees." (Am. Compl. at ¶ 1). And Plaintiff further alleges:

> As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

(Am. Compl. at ¶¶ 11, 17).

9. However, on February 11, 2021, Plaintiff's counsel sent Family Dollar a pre-suit demand letter that included Plaintiff's medical records and bills, and a summary of Plaintiff's medical charges ("Demand Packet"). Based on information in the Demand Packet, Plaintiff's estimated damages at the time of this removal total at least **$1,530,584.50**.

10. According to Plaintiff's Demand Packet, Plaintiff sustained a right shoulder full thickness supraspinatus tear, biceps tendinosis, labral tear, for which she underwent various treatment, including right shoulder surgery. Medical charges as of the date of the Demand Packet totaled **$24,104.50**. Plaintiff asserted that "[g]iven the nature of her injuries and the amount of pain that she continues to suffer, it is medically certain that Ms. Gunn will require

3

additional medical treatment in the future to mitigate her injuries." In addition, Plaintiff calculated past and future pain and suffering as follows:

> 400 days since the incident **x** $10/hour **x** 16 hours per day
> **= $64,000.00**
>
> 24.7 years [life expectancy] **x** 365 days/year **x** 16 hours/day **x** $10/hr
> **= $1,442,480.00**

But Plaintiff demanded only $1,000,000.00 to settle her claim. Plaintiff's estimated damages at the time of this removal are at least **$1,530,584.50**. A copy of the February 11, 2021 demand letter is attached hereto as **Exhibit "B"**.

11. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

12. A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses [ ]…may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). In *Thompson v. Columbia Sussex Corp.*, 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016), the Court found:

> Here, Plaintiffs' pre-suit demand not only references medical bills totaling $67,000, it also lists three medically-diagnosed conditions (arm fracture, facial contusions, and shoulder strain), resulting in 13% upper extremity impairment and 8% "whole person"

4

impairment. Accordingly, the Court finds that Plaintiffs' pre-suit demand credibly supports the conclusion that the value of Mrs. Thompson's claim exceeded $75,000 at the time of removal. *Id.*; *see also Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015).

13. "[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand.").

14. "Plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009).

15. While settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction, courts may analyze for whether

the demand letter merely reflects puffing and posturing, or whether the letter provides specific information to support the Plaintiff's claim for damages. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) ("courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'").

16. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with

reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

17. Taken together, the damages alleged in Plaintiff's Complaint, and the claims set forth in Plaintiff's Demand Packet establish, by a preponderance of the evidence, that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs; thus, this Court has subject matter jurisdiction at the time of removal, pursuant to 28 U.S.C § 1332(a).

## DIVERSITY OF CITIZENSHIP

18. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States.

19. Plaintiff is a citizen of Florida.

20. Family Dollar is a citizen of Delaware and North Carolina.

21. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including

7

"home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

22. Plaintiff's Amended Complaint does not allege her place of citizenship, but does allege that "Plaintiff, GOLA GUNN, is a natural person residing in Marion County, Florida" (Compl. ¶ 2), and medical records produced in Plaintiff's Demand Packet consistently reflect an Ocala, Florida address for Plaintiff. In addition, Plaintiff's Demand Packet reflects her date of birth as (08/xx/1959). Based on Plaintiff's date of birth, Family Dollar was able to conduct a Westlaw search, through which Family Dollar located property tax, voter's registration, and vehicle registration information for Plaintiff. All of the Westlaw information reflects that Plaintiff has a Florida address, and demonstrates that Plaintiff's true, fixed, and permanent home and principal establishment, to which she has the intention of returning whenever she is absent, is the State of Florida. As such, for purposes of removal, Plaintiff is a citizen of Florida. The Westlaw search information is attached hereto as **Composite Exhibit "C"**.

23. Family Dollar is a citizen of Delaware and North Carolina. Family Dollar Stores of Florida, LLC is a single-member limited liability company organized under the laws of the Commonwealth of Virginia. The sole member of Family Dollar Stores of Florida, LLC is Family Dollar Stores, Inc. Family Dollar Stores, Inc. is incorporated in the State of Delaware and its principal place of business is in Matthews, North Carolina.

24. Thus, tracing through the layers of members, Defendant's members' citizenship all trace back to Family Dollar Stores, Inc., a corporation organized and existing under the laws of the Delaware with its principal place of business in North Carolina. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Bright House Networks, LLC v. Pinellas Cnty.*, No. 8:14-CV-1237-T-33TBM, 2014 WL 3867809, at *3 (M.D. Fla. Aug. 6, 2014). Defendant has disclosed the citizenship of each and all of its members, as well as the citizenship of each member of Defendant's limited liability company members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Defendant does not have any members located in the State of Florida or that are citizens of the State of Florida.

25. Complete diversity of citizenship exists because Plaintiff is not a

citizen of the same states as Defendant. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## **PROCEDURAL COMPLIANCE**

26.     This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

27.     This Notice of Removal is timely because it was filed within thirty days after being served with a copy of the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

28.     Removal to the Ocala Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Marion County, Florida.

29.     As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto as **Composite Exhibit "A"**.

30.     Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

*remainder of page intentionally left blank*

WHEREFORE, Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC**, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Case No. 21-CA-1322 to the United States District Court for the Middle District of Florida, Ocala Division.

>
> Respectfully submitted
> HILL WARD HENDERSON
>
> /s/ Sherilee J. Samuel
> Sherilee J. Samuel (Fla. Bar No. 017499)
> sherilee.samuel@hwhlaw.com
> Lead Counsel
> Cory J. Person (Fla. Bar No. 32950)
> cory.person@hwhlaw.com
> Nicole D. Walsh (Fla. Bar No. 111961)
> nicole.walsh@hwhlaw.com
> 3700 Bank of America Plaza
> 101 East Kennedy Boulevard
> Tampa, FL 33602
> Ph. 813.221.3900
> Fax 813.221.2900
> *Attorneys for Defendant Family Dollar*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the *CM/ECF* to **SAM BABBS III, ESQUIRE** of Morgan & Morgan, P.A., Attorneys for Plaintiff, at sbabbs@forthepeople.com and brycewilliams@forthepeople.com on **August 23, 2021**.

>
> /s/ Sherilee J. Samuel
> HILL WARD HENDERSON
> *Attorneys for Family Dollar Stores*
> *Of Florida, LLC.*