IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL
CIRCUIT IN AND FOR MARION COUNTY,
FLORIDA

CASE NO:

GOLA GUNN,

        Plaintiff,

vs.

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

        Defendant.

_____ /

## AMENDED COMPLAINT

    Plaintiff, **GOLA GUNN**, by and through the undersigned counsel, hereby sues Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC., and alleges as follows:

    1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

    2.    Plaintiff, GOLA GUNN, is a natural person residing in Marion County, Florida.

    3.    At all times material to this action, Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, is a Florida profit corporation licensed to do business in the State of Florida.

    4.    At all times material hereto, Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, was the owner and in possession of that certain business located at 6814 S.E.

1

Maricamp Road, Ocala, Marion County, Florida, open to the general public, including the Plaintiff herein.

5. On or about January 6, 2020, Plaintiff, GOLA GUNN, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, GOLA GUNN, was a lawful guest upon the premises of the Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

## COUNT I
## CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, FAMILY DOLLAR STORES OF FLORIDA, LLC

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the rug near the entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the rug near the entrance, as specified above, to ascertain whether the rug, which was poorly maintained, constituted a hazard to patrons utilizing said rug near the entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the rug near the entrance, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the rug and the flooring near the entrance, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the rug and flooring near the entrance for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair rug and flooring near the entrance for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the near the entrance despite knowledge of prior trip and falls at the subject location caused by a rug or transitory foreign objects or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the rug and flooring of the subject premises

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the area in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were

3

    assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe rug and flooring within the subject premises;

q) Negligently selecting and/or utilizing a rug and flooring that failed to provide a non-trip/slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known trips were likely to occur on the rug and flooring;

r) Negligently selecting and/or utilizing a rug that failed to properly stay in a place while being utilized, acting to make the rug a tripping hazard, when, based on Defendant's experience, Defendant knew or should have known a well maintained rug were likely to occur near the entrance when unattended;

10. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on a rug near the entrance of the store, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, GOLA GUNN, sues the Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

<u>**COUNT II**</u>
<u>**CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, FAMILY DOLLAR STORES OF FLORIDA, LLC**</u>

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

13. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the rug near the entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the rug near the entrance, as specified above, to ascertain whether the rug, which was poorly maintained, constituted a hazard to patrons utilizing said rug near the entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the rug near the entrance, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the rug and the flooring near the entrance, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the rug and flooring near the entrance for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair rug and flooring near the entrance for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the near the entrance despite knowledge of prior trip and falls at the subject location caused by a rug or transitory foreign objects or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the rug and flooring of the subject premises

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the area in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were

assigned to the task of solely cleaning/sanitizing shopping carts and/or hand-baskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe rug and flooring within the subject premises;

q) Negligently selecting and/or utilizing a rug and flooring that failed to provide a non-trip/slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known trips were likely to occur on the rug and flooring;

r) Negligently selecting and/or utilizing a rug that failed to properly stay in a place while being utilized, acting to make the rug a tripping hazard, when, based on Defendant's experience, Defendant knew or should have known a well maintained rug were likely to occur near the entrance when unattended;

16. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on a rug near the entrance of the store, sustaining significant personal injuries.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, GOLA GUNN, sues the Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 15th day of August, 2021

/s/ ***Sam Babbs III***
_____

SAM BABBS III, ESQ.
FBN: 055349
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (689) 219-2025
Facsimile: (689) 219-2125
Primary email: sbabbs@forthepeople.com
Secondary email: brycewilliams@forthepeople.com
Attorney for Plaintiff